17-2459-cv
*D.S. et al. v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand eighteen.

PRESENT:
JON O. NEWMAN,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

---

D.S. AND ANNA SANADZE, INDIVIDUALLY,

*Plaintiffs-Appellants,*

v.                                                                No. 17-2459-cv

THE CITY OF NEW YORK, LEGAL AID SOCIETY, NYC ADMINISTRATION FOR CHILDREN'S SERVICES, FREDERIC PRATT, JILL WECHSLER,

*Defendants-Appellees,*

DOES 1 THROUGH 6, FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS, DETECTIVES AND/OR ASSISTANTS/TRANSLATORS EACH INDIVIDUALLY, OF THE NEW YORK CITY POLICE DEPARTMENT, DOES 7 THROUGH 12, FICTITIOUS NAMES INTENDED TO BE EMPLOYEES AND ASSISTANT DISTRICT ATTORNEYS, TO THE OFFICE OF THE DISTRICT ATTORNEY OF THE CITY OF NEW YORK, COUNTY OF KINGS, DOES 13 THROUGH 18, FICTITIOUS NAMES INTENDED TO BE EMPLOYEES, GUARDS, HEALTH CARE

PROVIDERS, EACH INDIVIDUALLY, AT CROSSROADS
SECURE JUVENILE DETENTION CENTER, DOES 19
THROUGH 34, PERSON INTENDED TO BE EMPLOYEES,
GUARDS, HEALTH CARE PROVIDERS, EACH INDIVIDUALLY,
AT GOSHEN SECURE CENTER, BROOKWOOD SECURE
CENTER AND ROCKLAND CHILDREN'S PSYCHIATRIC
CENTER,

                                        *Defendants.*

---

For *Plaintiffs-Appellants*:              VERA GRETCHYN MARINO, Great Neck, N.Y.

For *Defendants-Appellees* City of New York:    SUSAN PAULSON, Assistant Corporation
                                        Counsel (Richard Dearing, Devin Slack, *on the
                                        brief*), *for* Zachary W. Carter, Corporation
                                        Counsel, New York, N.Y.

For *Defendants-Appellees* Legal Aid Society:   PETER I. LIVINGSTON (Deborah B. Koplovitz *on
                                        the brief*), Anderson Kill P.C., New York, N.Y.

---

Appeal from a judgment of the United States District Court for the Eastern
District of New York (Sterling Johnson, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

D.S. and his mother, Anna Sanadze, appeal from a judgment entered by the
district court dismissing their complaint against the City of New York and New York
City's Administration for Children's Services (collectively "City defendants") and the
Legal Aid Society and two of its employees (collectively "Legal Aid"), and denying the
plaintiffs' motion to amend the complaint. On appeal, plaintiffs assert that the
district court erred by misapprehending the nature of the constitutional arguments
in the complaint and by denying leave to file the amended complaint. We assume the

2

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). The complaint's allegations, however must be "plausible on [their] face," a standard that "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). The pleading standard in Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678 (citing *Papasan*, 478 U.S. at 286).

As an initial matter, Legal Aid is not a state actor and did not take any state action for which it could be held liable under § 1983. *See* 42 U.S.C. § 1983; *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) ("The very purpose of [enacting] § 1983 was . . . to protect the people from unconstitutional action under color of state law."); *Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1157 (2d Cir. 1971) (concluding that plaintiff "has not shown State action in the activities of the [Legal Aid] Society" for purposes of a § 1983 claim). Although a non-state actor defendant may be held liable as "a willful participant in joint activity" with the state or its agents, *see United States v. Price*, 383 U.S. 787, 794 (1966), the district court properly found that plaintiffs made no

showing that Legal Aid was a willful participant in the state activity, *see Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). The district court did not err in dismissing the complaint against Legal Aid.

As to the City defendants, plaintiffs fail to show that they are responsible for the injuries and constitutional violations D.S. is alleged to have suffered. Although having a translator for a non-English speaker undoubtedly implicates important rights associated with fair judicial proceedings for D.S., plaintiffs do not allege how the City of New York denied him a translator and how the absence of a translator violated his First Amendment rights. *See Iqbal*, 556 U.S. at 678; *Ashcroft v. Am. Civil Liberties Union*, 535 U.S. 564, 573 (2002) ("[A]s a general matter, 'the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" (quoting *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 65 (1983))).

With respect to his Eighth and Fourteenth Amendment claims, City defendants could only be held liable for time in which D.S. was in the custody of the Crossroads secure detention facility as that was the only City run institution. Plaintiffs' complaint fails to allege, however, that any City employee of Crossroads knew about and deliberately disregarded an excessive risk to D.S.'s safety or need for medical attention in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994); *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Nor have plaintiffs shown that D.S. was treated differently than other similarly situated juvenile offenders in violation of the Fourteenth Amendment's equal protection or

4

due process clause. *See Allegheny Pittsburgh Coal Co. v. Cty. Comm'n of Webster Cty.*, 488 U.S. 336 (1989); *Church of Am. Knights of Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004).

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), forecloses the argument that plaintiffs are entitled to relief on their Fourth, Fifth, and Sixth Amendment claims. The Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.* at 487; *see also Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) (en banc). Plaintiffs assert that City defendants violated D.S.'s Fourth, Fifth, and Sixth Amendment rights by submitting him to unreasonable search and seizure, deprivation or ineffectiveness of legal counsel, fraud and coercion in obtaining his confession, and depriving his mother of her parental rights. These claims asserting violations of D.S.'s personal constitutional rights, however, all implicate the validity of his conviction on his assault charge. That is, asserting that D.S. was unlawfully seized, or coerced into confessing, or denied effective counsel in violation of constitutional rights advanced under § 1983 necessarily implies that his assault conviction was unlawfully obtained. As a result, these claims are all barred by *Heck*, and the district court, as it was required to do, properly dismissed them. *See Heck*, 512 U.S. at 486–87; *Poventud*, 750 F.3d at 132.

5

Municipal liability under 42 U.S.C. § 1983 arises when the challenged action was taken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Plaintiffs have not alleged such a policy, nor have they alleged the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The proposed amended complaint failed to address the original's shortcomings and assert a viable federal claim against City defendants or Legal Aid. The court thus did not err in finding that the amended complaint would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding reasons to deny a motion to amend to include, *inter alia*, "repeated failure to cure deficiencies by amendments previously allowed . . . *futility of amendment*, etc." (emphasis added)). Additionally, the district court properly concluded that because it dismissed all of the claims against City defendants and Legal Aid, it would not exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

We have considered plaintiffs' remaining arguments and conclude that they are without merit. The judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

6